# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAURA LEA WARDEN,** *et al.,* | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-CV-5493** |
| | : | |
| **WOODS SERVICES,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**SCHILLER, J.**                                                                                      **MARCH 17, 2020**

In a prior Memorandum and Order filed on December 10, 2019 (ECF Nos. 5, 6), the Court granted Plaintiff Laura Lea Warden leave to proceed *in forma pauperis*, dismissed her claim against her former employer under the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"), without prejudice, dismissed her state law claims with prejudice, and granted her leave to file an amended complaint if was able to cure all of the defects the Court identified in her remaining ADEA claim. After granting Warden two extensions of time, she returned with an Amended Complaint ("AC") on March 10, 2020. (ECF No. 11.) Because the AC fails to cure the defects the Court previously identified in the ADEA claim and attempts to reassert the state law claims that have already been dismissed, the AC will be dismissed with prejudice.

## I.     BACKGROUND

Warden's AC essentially reasserts the same factual allegations previously summarized in detail by the Court in the prior Memorandum, which is incorporated by reference herein. (*See* ECF No. 5 at 2-3.) Briefly reiterated, Warden was fired from her job at Defendant Woods Services allegedly because she struck a disabled client of Woods Services. She was initially suspended and then formally dismissed. In the original Complaint, she named Woods Services

and numerous employees of Woods Services as Defendants. Those individuals were allegedly involved in the termination decision. She also sued Dunn Corporate Resources and its employee Ashley Dantz based on their actions responding to inquiries from the Pennsylvania Department of Labor and Industry on behalf of Woods Services, where they allegedly provided false information relating to Warden's request for unemployment benefits.

Warden's ADEA claim against Woods Services was dismissed without prejudice because it was not plausible. While Warden checked the box on the form complaint labeled "Age Discrimination in Employment Act," the form was otherwise blank, the allegations against Woods Services contained in the handwritten attachment thereto asserted only that Warden was wrongfully terminated in violation of state law, and she did not allege that she suffered an adverse employment action because of her age. (*Id.* at 4-5.) Additionally, the Court advised Warden that, prior to filing a lawsuit under the ADEA, a plaintiff must file a charge of discrimination with the EEOC and receive a right to sue letter before filing a complaint in federal court. (*Id.* at 5-6 (citing 29 U.S.C. § 623(a); *see also Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 109 (3d Cir. 2014) ("Before an employee may file suit under the ADEA, however, a plaintiff is required to exhaust administrative remedies by filing a charge of discrimination with the EEOC."))).

The Court noted that Warden left blank the portions of her form ADEA Complaint asking if she filed a charge with the EEOC or PHRC, and whether she received a Notice of Right to Sue Letter, she did not attach a copy of such a letter, but did check a box asking if "fewer than 60 days have passed" since the filing of an age discrimination charge with the EEOC. Warden, if she chose to file an amended complaint, was specifically directed to state whether she had filed a timely charge with the EEOC and attach a copy of the resulting Notice of Right to Sue Letter.

(*Id.* at 7.) She has not attached such a Letter or asserted in the AC that she complied with the exhaustion requirement.

Warden's ADEA claims against the Defendants she identified as coworkers and supervisors were held not plausible because they were not Warden's employer. (*Id.* at 5 (citing *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (holding that "the ADEA limits civil liability to the employer" and therefore individual supervisors are "not . . . proper defendant[s]"); *Wathen v. General Electric Co.*, 115, F.3d 400, 404 n.6, 405 (6th Cir. 1997) (Title VII does not provide for individual liability); *Smith v. Allstate Ins. Co.*, 195 F. App'x 389, 397 n.7 (6th Cir. 2006) (affirming dismissal of ADEA claims against individual supervisor because individual is not "employer"))). These claims were dismissed with prejudice. (*Id.*) Warden's state law wrongful termination claims against the coworker and supervisor Defendants, Dantz and Dunn Corporate Resources were also dismissed with prejudice because none of these Defendants were her employer. (*Id.* at 9 n.4.) Finally, her wrongful termination claim against Woods Services was dismissed with prejudice because Pennsylvania is an at-will employment state and, the Court predicted, the Pennsylvania Supreme Court would not recognize a public policy exception based on Warden's allegations. (*Id.* at 8-9.)

## II. STANDARD OF REVIEW

Because the Court has granted Warden leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the AC if it fails to state a claim. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Warden is proceeding *pro se*, the Court again construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Previously Dismissed with Prejudice

In her AC, Warden repeats ADEA and state law claims the Court has already dismissed with prejudice. The only portion of the original Complaint that was dismissed without prejudice, and for which the grant of leave to amend was limited, was the ADEA claim against Woods Services. To the extent that Warden reasserts claims previously dismissed with prejudice, they are subject to the law of the case doctrine. *ACLU v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) (holding that under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks omitted)). That doctrine "limits re-litigation of an issue once it has been decided in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003) (citation omitted). Accordingly, all claims previously dismissed with prejudice are again dismissed with prejudice.

### b. Employment Discrimination Claim Against Woods Services

As the Court set forth above, Warden was granted leave to amend her employment discrimination claim against Woods Services and given specific instructions on how to do so.

4

This included providing a copy of a Right to Sue Letter and setting forth allegations that would plausible allege she suffered an adverse employment action because of her age. As Warden has been informed, to establish a *prima facie* case of age discrimination, a plaintiff must allege that "(1) [she] is at least forty years old; (2) [she] suffered an adverse employment decision; (3) [she] was qualified for the position in question; and (4) [she] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted). The same standard applies to claims under the Pennsylvania Human Relations Act. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts").

Warden has again failed to state a plausible ADEA claim. The AC concerns itself almost entirely with the allegedly improper actions of her coworkers related to claims previously dismissed with prejudice. A thorough review of the AC reveals only two allegations that conceivably relate to her ADEA claim. First, Warden asserts that she was told that she could not be driven to the facility by another person, "was treated differently from any other employees," and her "personal well being was put in jeopardy because she was forced by [] supervisors thru [sic] humiliation and intimidation to either [] drive herself to the workplace facility [or] walk from outside of Woods Services property to her facility." (ECF No. 11 at 13.) She does not explain, however, how this allegation constitutes an adverse employment decision since it

5

apparently has no temporal relationship with her being terminated from employment. Nor does she allege the action was taken on account of her age.

Second, Warden asserts that another employee engaged in similar misconduct of striking a client. According to Warden, Woods Services told an unemployment compensation referee "that any reported incident of 'elder abuse is uniformly enforced.'" (*Id.* at 26.) She alleges that, prior to the time she was dismissed, supervisors "did not enforce the policy when they allowe[d] an employee in the same unit as the Plaintiff [] Tianna Birch of the same 'hit a client' and she remained employed." (*Id.*) Warden appears to allege that Birch was not terminated because she is allegedly "of a different denomination than Plaintiff." (*Id.*) This allegation does not support a plausible age discrimination claim. Additionally, Warden did not exhaust her remedies before the EEOC before coming to federal court. Congress has mandated that "[n]o civil action may be commenced by an individual under [the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d)(1). Consistent with § 626(d) and the applicable case law, a private sector employee "seeking relief under the ADEA must exhaust his or her administrative remedies as mandated by 29 U.S.C. § 626(d)" and exhaustion requires that the plaintiff timely file a charge with the EEOC. *Hildebrand*, 757 F.3d at 111; *see also Boyle v. City of Phila.*, 169 F. Supp. 3d 624, 627 (E.D. Pa. Mar. 14, 2016) ("[Exhaustion] requires that the charge be timely filed and that the claims asserted in the litigation fall within the scope of the charge filed with the [EEOC]."). Warden was advised of this requirement, instructed that she must be able to demonstrate her compliance with the statute if she opted to file an amended complaint, and failed to address compliance. Accordingly, it appears she failed to exhaust her remedies.

## IV. CONCLUSION

Warden's claims that were previously dismissed with prejudice and that are reasserted in the AC are again dismissed with prejudice. Her ADEA claim against her former employer Woods Services, originally dismissed without prejudice, will now be dismissed with prejudice since Warden has failed to cure the defects in the claim that the Court previously identified. Having afforded her the opportunity to amend, and it appearing that further attempts at amendment will be futile, no further amendment will be permitted. An appropriate Order follows.